**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| Miracle-Ear, Inc., et al., | ) | **CASE NO. 4:05 CV 1963** |
| | ) | |
| Appellants, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| M.D. Consultants, Inc., | ) | <u>Order</u> |
| | ) | |
| Appellee. | ) | |


**<u>Introduction</u>**

This matter is before the Court upon Motion of M.D. Consultants, Inc. for Rehearing to Alter or Amend the Judgment (Doc. 28).  For the following reasons, the motion is denied.

**<u>Discussion</u>**

On February 15, 2006, this Court issued its Memorandum of Opinion and Order with regard to the Notice of Appeal filed by Miracle-Ear, Inc., Giannetto Giannetti and Sears Roebuck and Company (hereafter, defendants) from the Judgment and Order of the bankruptcy court entered on August 1, 2005 and the Notice of Cross-Appeal of that decision filed by M.D. Consultants, Inc. (hereafter, plaintiff).  Plaintiff now moves this Court for a rehearing to alter or

1

amend this Court's Order.

Federal Rule of Bankruptcy Procedure 8015 states,

Unless the district court or the bankruptcy appellate panel by local rule or by court order otherwise provides, a motion for rehearing may be filed within 10 days after entry of the judgment of the district court or the bankruptcy appellate panel. If a timely motion for rehearing is filed, the time for appeal to the court of appeals for all parties shall run from the entry of the order denying rehearing or the entry of a subsequent judgment.

Plaintiff seeks modification on three bases: 1) the award to plaintiff of accounts receivable should not be reduced by the amount previously tendered to Sky Bank by defendant, 2) the Court should not have reduced the amount due to plaintiff on the accounts receivable by $5,400.00 for the Ralph Daudet account and 3) the Court should not have disallowed recovery by plaintiff of the accounts receivable in the fourth category of the Agreed Stipulations of Fact as to Customer Witnesses.  For the following reasons, this Court disagrees.

### (1) the amount previously tendered to Sky Bank

The Bankruptcy Court imputed to Miracle-Ear the receipt of all amounts set forth in the Agreed Stipulations of Fact as to Customer Witnesses, which set forth the parties' agreement concerning four categories of accounts receivable.  The Bankruptcy Court then concluded that defendants owed plaintiff $89,676.28, representing the sum of the four categories.  That court then subtracted the amount of $40,582.85 that Miracle-Ear had tendered and paid to Sky Bank, for a total owing of $49,093.43.

This Court found that plaintiff was entitled to certain accounts receivable in the first three categories and then offset that amount by the amount previously paid to Sky Bank.  This Court stated that it was unaware of which portions of the Agreed Stipulations of Fact as to Customer Witnesses were paid to Sky Bank.

2

Plaintiff now asserts, for the first time, based on stipulations presented in the underlying bankruptcy case, that the amount paid to Sky Bank should not be credited against the judgment awarded to plaintiff.  Defendants point out that neither party to the appeal challenged the validity of the credit ordered by the bankruptcy court[1], and plaintiff never asserted in its briefing before this Court that the credit was improper.  Defendants assert, therefore, that plaintiff has abandoned this claim.  This Court agrees.

An issue raised for the first time on appeal in a petition for rehearing will generally not be considered.  *See U.S. v. Levy,* 416 F.3d 1273 (11th Cir. 2005) (Issues which are not raised in the party's initial brief but raised for first time in petition for rehearing are deemed abandoned and generally will not be considered by Court of Appeals.), *United States v. Perkins*, 994 F.2d 1184, 1191 (6th Cir.1993) (The Court will not consider issues which are raised for the first time on appeal in a party's reply brief.) and *United States v. Cross*, 308 F.3d 308, 314 (3d Cir.2002) (Raising an issue for the first time in a petition for rehearing *en banc* fails to preserve the issue for subsequent review).

Similarly, "Rule 59(e) motions (to alter or amend the judgment) are aimed at reconsideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued." *Wardle v. Lexington-Fayette*

---

[1]    Plaintiff asserts that the defendants raised this issue merely by designating the following issue on appeal: "Whether the Bankruptcy Court  committed reversible error in determining that Miracle-Ear owed plaintiff $89,676.28 arising out of the patient account receivables and directing that the net amount of $49,093.43 be entered as judgment against Miracle-Ear."  The Court disagrees that this, in itself, raised to the Court the issue of whether the bankruptcy court improperly applied the credit.

3

*Urban County Government*, 45 Fed.Appx. 505, *511 (6th Cir. 2002) (citations omitted).

**(2) the Ralph Daudet account**

Plaintiff argues that the Court should not have reduced the amount due to it on the

accounts receivable by $5,400.00 for the Ralph Daudet account. This Court stated in its Opinion,

> Defendants point to Michael Wallet's deposition testimony that one of the accounts
> identified (in the amount of $5,040.00) was not the property of plaintiff because the
> customer had canceled his contract and entered into a new one with Miracle-Ear
> Corporate. Plaintiff does not specifically counter this testimony.  Therefore, the evidence
> shows that this amount properly belonged to defendants.

Plaintiff now asserts that the evidence at trial established that Mr. Daudet had obtained a hearing

aid from plaintiff but returned it to the store and purchased a different model from defendants

and that defendants credited the amount owed to plaintiff against its new purchase without any

payment to plaintiff.  Plaintiff contends that a portion of the monies had been earned by plaintiff

and, therefore, defendants owe it the full sum of $5,040.00.

Defendants maintain that not only is this argument tardy, but plaintiff generated no

money in connection with the ultimate sale at issue in that Daudet cancelled his contract with

plaintiff, returned the hearing aid and entered into a new contract with defendants.  The Court

agrees that plaintiff's argument fails to warrant amendment of this Court's Order as to this

finding.  The Court relied on the trial testimony and the fact that plaintiff presented no contrary

argument.

**3) the fourth category of accounts receivable**

Plaintiff contends that the Court should not have disallowed its recovery of the accounts

receivable in the fourth category of the Agreed Stipulations of Fact as to Customer Witnesses.

4

This Court concluded that there was insufficient evidence to support a finding that defendants were in possession of the accounts identified in the fourth category where, unlike the first three categories, the parties did not stipulate that the customers paid any amounts.

Plaintiff argues that this Court substituted its judgment for that of the bankruptcy court. Plaintiff now asserts that there was affirmative evidence at trial that defendants had collected the accounts in category four given that defendants never produced an accounting as to what happened to the accounts even though they controlled all the payment records.  The Court agrees with defendants that this does not amount to affirmative evidence that defendants had possession of the accounts.  Nevertheless, as asserted by defendants, this aspect of the evidence was tried on stipulation which stated only that there were outstanding accounts owed to plaintiff and that customers failed to respond to subpoenas issued by plaintiff.   This Court thus concluded that simply because the accounts were identified, the record did not support a finding that defendant had possession of the accounts in the absence of evidence that the customers paid any amounts.

**<u>Conclusion</u>**

For the foregoing reasons, plaintiff's Motion for Rehearing to Alter or Amend the Judgment is denied.

IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated:  3/20/06